Judge Pro Tem SCHWARTZMAN
specially concurring.
I concur in the general reasoning and result reached in this case, but write separately to highlight several points and articulate a few restraints.
The analysis section of the Court’s opinion begins with the quote that the “physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.” To this I would add, “We have, after all, lived our whole national history with an understanding of ‘the ancient adage that a man’s home is his castle [to the point that] the poorest man may in his cottage bid defiance to all the forces of the Crown.’ ” Georgia v. Randolph, 547 U.S. 103, 115, 126 S.Ct. 1515, 1524, 164 L.Ed.2d 208 (2006) (citing Miller v. United States, 357 U.S. 301, 307, 78 S.Ct. 1190, 1194-95, 2 L.Ed.2d 1332, 1337 (1958)). This noble precept is not just some forgotten vestige of post Magna Carta English history, but is embedded in the framework and fabric of our national consciousness through the Fourth Amendment.
That said, this case presents sufficient countervailing considerations to justify the limited warrantless entry to effectuate an arrest herein. Our Legislature has long recognized the serious criminal nature of the DUI offense and the havoc it produces in our society, such that it has specifically authorized a peace officer to make an arrest for this misdemeanor offense even when not committed in the officer’s presence. Idaho Code Section 49-1405 states, in relevant part:
(1) The authority to make an arrest is the same as upon an arrest for a felony when any person is charged with any of the following offenses: ... (b) Driving, or being in actual physical control, of a vehicle or operating a vessel while under the influence of alcohol or other intoxicating beverage.
This case also presents a well-founded concern and reason supporting exigent circumstances, i.e., the dissipation and destruction of evidence through the normal bodily metabolic processes of alcohol elimination. This corruption of evidence is not merely a theoretical possibility or contrived hypothetical scenario justifying immediate action. Time was of the essence here. The state’s interest in effecting a DUI arrest was substantial and there was strong evidence to suggest that Robinson had committed the offense.
The intrusion on defendant’s privacy, by contrast, was a diminished one. She was plainly visible just over the threshold of the open door. This not only rendered a forcible entry unnecessary, but it exposed to public view the very area where the arrest was to soon occur. Moreover, the officers entered only a few feet inside beyond the threshold, such that the home intrusion was the minimum necessary to effect the arrest and extended only to the area already open to police observation. No general search of the residence took place. See People v. Thompson, 38 Cal.4th 811, 43 Cal.Rptr.3d 750, 135 P.3d 3, 14 (2006). In short, it was reasonable under these circumstances for the police to briefly and barely enter the home without a warrant to effectuate an arrest and thereby prevent the imminent destruction of evidence of a serious misdemeanor crime. The officers’ response was reasonably tailored to the scope of the exigency. Id. 43 Cal.Rptr.3d 750,135 P.3d at 13-14.
*503 Our decision today does not decide or hold that police may enter a home without a warrant to effectuate an arrest in every misdemeanor case. Not only must there be a true exigency, but the police must also possess the requisite probable cause and act under a statute like I.C. §§ 49-1405 or 19-603(6); or otherwise observe the public offense being committed in their presence. See I.C. § 19-603(1). Reasonableness will also be the touchstone for future decisions.